HB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: LOUISE BENTIVEGNA           :      CIVIL ACTION
                                   :
                                   :
                                   :
                                   :      NO. 17-2727
                                   :
              MEMORANDUM

Bartle, J.                                October 20, 2017

Before the court is the appeal of Louise Bentivegna ("Bentivegna") from a May 31, 2017 order entered by the Bankruptcy Court for the Eastern District of Pennsylvania. That order provided that Bentivegna could not occupy residential real property located at 646 Stiles Hill Road, Sabinsville, Pennsylvania and further ordered Bentivegna to remove all personal belongings from that property by June 30, 2017.

I.

We exercise appellate review of final orders entered by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). We review the legal determinations of the Bankruptcy Court de novo. In re Prof'l Ins. Mgmt., 285 F.3d 268, 282 (3d Cir. 2002). The Bankruptcy Court's findings of fact are reviewed for clear error. Id. Bankruptcy Court decisions which involve the exercise of discretion are reviewed for abuse of discretion. Id.

II.

Bentivegna initially filed a Chapter 13 bankruptcy petition on April 26, 2016. See In re Bentivegna, No. 16-12925 (Bankr. E.D. Pa.). The petition was converted to Chapter 7 on August 19, 2016. Bentivegna's bankruptcy estate partially owns two parcels of real property located in Potter County, Pennsylvania, one of which includes the Stiles Hill Road property. According to the record in the Bankruptcy Court matter, this real property was Bentivegna's summer residence. Bentivegna's primary residence was sold at sheriff's sale and, as of the filing of this appeal, she resides with her daughter.

By order dated April 19, 2017, the Bankruptcy Court authorized the trustee to employ a broker to market and sell the Stiles Hill Road property. The Bankruptcy Court also entered an order that day approving a settlement agreement between the trustee and a co-owner of the Stiles Hill Road property, whereby the trustee was authorized to sell the property. These orders were entered after a hearing in which Bentivegna was present and represented by counsel who made objections but offered no evidence. Bentivegna did not appeal either order.

Thereafter, in preparation for the marketing and sale of the property, the trustee moved for an order prohibiting Bentivegna from occupying the property and requiring her to remove all personal belongings. After a hearing, the Bankruptcy

-2-

Court granted the trustee's motion on May 31, 2017. Bentivegna filed her appeal of that order on June 14, 2017.

While the appeal was pending, Bentivegna failed to make preparations to comply with the June 30th deadline to remove personal property set by the Bankruptcy Court. On July 5, 2017, after a telephone conference with counsel, the Bankruptcy Court entered an order enforcing the terms of the May 31, 2017 order and authorizing the trustee to retain an estate clean-out company to remove all personal property.

On July 10, 2017, the undersigned denied without prejudice the motion of Bentivegna to stay the Bankruptcy Court's May 31, 2017 order on the ground that Bentivegna had failed first to seek a stay in the Bankruptcy Court. See Fed. R. Bank. P. 8007. Bentivegna then filed a motion for an emergency stay in the Bankruptcy Court, and that motion was denied on July 13, 2017. Bentivegna did not refile a motion for an emergency stay in this court.

On September 20, 2017, after a hearing, the Bankruptcy Court entered an order approving the sale of the Stiles Hill Road property. Bentivegna has filed a separate appeal of that order. See In re Bentivegna, No. 17-4418 (E.D. Pa. Oct. 3, 2017). The Bankruptcy Court denied the motion of Bentivegna to

stay the sale order pending appeal, and Bentivegna has not sought an emergency stay in this court.[1]

### III.

On appeal, Bentivegna contends that she has a right to possess the Stiles Hill Road under state law and asserts that the property should not be sold. Because the property should not be sold, Bentivegna contends that she should not be required to vacate the property and to remove all personal belongings.

Pursuant to 11 U.S.C. § 521(a)(4), a debtor has a duty to surrender to the trustee all property of the bankruptcy estate. The trustee, after notice and a hearing, may then use, lease, or sell the property. Id. § 363. A debtor may exempt certain property from the bankruptcy estate, including a portion of the debtor's interest in his or her primary residence. Id. § 522(d)(1). Absent such exemption, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1). The Bankruptcy Court denied Bentivegna's claim to exempt the Stiles Hill Road property, and she did not appeal that order.[2]

---

1. The sale was initially scheduled to close on September 22, 2017 but was postponed.

2. The Bankruptcy Court entered its order denying an exemption on the Stiles Hill Road property on November 16, 2016. That order was a final judgment subject to immediate appeal. See, e.g., Kollar v. Miller, 176 F.3d 175 (3d Cir. 1999); In re St. Hill, No. 04-30919, 2005 WL 6522764, at *9 (Bankr. E.D. Pa.

As such, the property belongs to the bankruptcy estate and Bentivegna has no right to occupy the property or otherwise use it to store her personal belongings. Her assertions to the contrary are without merit.

The Bankruptcy Court found that requiring the vacancy of the property and removal of personal belongings would best effectuate its prior orders authorizing the marketing and sale of the property. At the time, Bentivegna did not occupy the property but instead resided with her daughter. The Bankruptcy Court concluded that having Bentivegna remain with her daughter rather than reside alone at the Stiles Hill Road property was the most expedient and logical course to follow given the court's prior authorization of the sale and Bentivegna's current state of health. Based on our review of the record, we find the Bankruptcy Court did not abuse its discretion or otherwise err in its findings.

Accordingly, the order of the Bankruptcy Court dated May 31, 2017 is affirmed.

10/20/17 *[signature]*

---

Sept. 2, 2005). Bentivegna failed to appeal the order within the time allowed by the Federal Rules of Bankruptcy Procedure and therefore her assertion, at this late stage, that such exemption should be allowed will not be considered. See In re St. Hill, 2005 WL 6522764, at *10.